FILED
FOR COURT
GUAM

AN 2 AM 9: 43

CLERK OF COURT
BY

# IN THE SUPERIOR COURT
# OF GUAM

| | | |
|---|---|---|
| THE PEOPLE OF GUAM, | ) | CRIMINAL CASE No. CF 0453-13 |
| | ) | |
| v. | ) | |
| | ) | **DECISION AND ORDER** |
| | ) | |
| CHRIS J.A. TEDTAOTAO, | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Defendant's request to reduce a felony charge to a misdemeanor was taken under advisement on February 13, 2014. The People are represented by Assistant Attorney Teri C. Tenorio. Defendant is represented by Alternate Public Defender Eric C. Overton. Having reviewed the memorandum and papers presented, the Court now issues the following decision DENYING in part Defendant's motion and requiring that the People provide the Court with a copy of the People's surveillance video for review.

## FACTUAL HISTORY

The Defendant was indicted on two charges: 1) Child Abuse, as a 3rd Degree Felony, two counts and 2) Family Violence, as a 3rd Degree Felony, two counts. The charges stem from an alleged incident that occurred between the Defendant, his girlfriend and their minor child.

On January 24, 2014, the Defendant filed a motion to reduce the Family Violence felony to a misdemeanor. In his motion, the Defendant argues and asserts that 1) the first charge of the complaint as presented to the grand jury did not allege any felony offenses; and that he qualifies for a reduction pursuant to 9 GCA § 30.20(b). Defendant argues that the wording of the first and second charge does not indicate its felony nature and that the third and fourth charge cover the same incident.

He also asserts that there is no evidence that: the minor sustained any injuries, his actions rose to the level of risk of serious bodily injury, weapons were used, alcohol or drugs were involved, and that there is no indication that the Defendant is not amendable to counseling.

The People filed an opposition on January 14, 2014. In it they argue that the Defendant's actions meet the elements of the crimes charged so they should not be reduced. They assert that during the incident there is surveillance video of the Defendant holding a rifle, of his twice throwing a slipper at his daughter knocking her down and of his kicking the child in the stomach area such that she was thrown upon her back a few feet away. They further argue that 9 GCA § 30.20(e) allows for a family violence charge to arise out of the same incident and that Defendant's wording challenge is unsupported and ambiguous.

Defendant did not file a reply to the People's opposition.

## DISCUSSION

The Defendant has requested to have the second charge of the indictment, reduced to a misdemeanor. Section 30.20 of the Family Violence Act, provides the Court with a seven-factor analysis for determining whether a felony charge of Family Violence may be reduced to a misdemeanor. 9 GCA §30.20(c)(2013). The relevant statute reads:

In determining whether any felony charge filed pursuant to this § 30.20 should be reduced to a misdemeanor, the court shall consider the following factors, among others:

(1) The extent or seriousness of the victim's injuries;

(2) The defendant's history of violence against the same victim whether charged or uncharged;

(3) The use of a gun or other weapon by the defendant;

(4) The defendant's prior criminal history;

(5) The victim's attitude and conduct regarding the incident;

(6) The involvement of alcohol or other substance, and the defendant's history of substance abuse as reflected in the defendant's criminal history and other sources; and

(7) The defendant's history of and amenability to counseling.

*Id.*

Applying these factors to the instant case the Court finds that: a lack of evidence of the seriousness of injury; the Defendant's non-history of victim-directed family violence; and the non-use of a deadly weapon, may merit the reduction of the family violence charge to a misdemeanor. Although it is asserted that a gun was present in the video of the Defendant the Court is unable to find that this, itself, is evidence of its use as required by the statute. *Id.* The Court is also not persuaded that Defendant's prior criminal history should preclude reduction under the terms of 9 GCA § 30.20. *Id.*

Most salient to the Court's review is any evidence of the seriousness of the injury. The instant statute requires that some evidence of injury and its seriousness be shown. *Id.* Under Section 30.20, it is not sufficient to only produce evidence of a threat, risk or attempt to injure. *Id.* In this case the People have produced or described little evidence of any injury to the minor child. *Id.* Accordingly prior to the Court deciding this issue it shall require the production of the surveillance video showing the events described herein.

The Defendant's argument disputing the wording of the first charge is insufficient. 8 GCA § 65.15; see, *Lamb v. Hoffman*, 2008 Guam 2, ¶¶ 34-36 (It is not sufficient for a party

simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments). Defendant cites no legal authority supporting his argument and fails to analyze outline or explain its application to any facts or law. Mot. at 1-2. Absent a further analysis and presentation by the Defendant the Court is unable to conduct a meaningful review of this first argument.

### CONCLUSION

Based on the foregoing, the People shall produce for the Court's review a copy of the surveillance video described herein with 14 days of the entry of this order. Upon its review and in accordance with this decision the Court shall issue the remainder of its decision promptly. Defendant's motion to reduce his charge is DENIED as to charge one, the Court's decision on the remaining charge to be forthcoming.

SO ORDERED, this 26 day of February 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

AG  APD

Date: 2/26/14  Time: 9 Any

Deputy Clerk, Superior Court of Guam